McMILLAN, Judge.
On March 16, 1990, the appellant entered a plea of guilty to the following charges: theft of property in the first degree; theft of property in the second degree (three charges); illegal possession of a credit card; and fraudulent use of a credit card. She was sentenced on each charge to 15 years’ imprisonment, to run concurrently, split with 6 months to serve and the balance suspended on 5 years’ probation.
On January 9, 1991, the appellant’s probation officer filed a delinquency report, stating that the appellant had violated the terms and conditions of her probation. On January 18, 1991, the trial court conducted a hearing and a few days later entered an order revoking the appellant’s probation. On March 7,1991, after a hearing, a motion by the appellant to reconsider the revocation order was denied.
At the January 18,1991, revocation hearing, the State presented testimony concerning a criminal offense committed by the appellant on December 26, 1990. It is undisputed that the appellant was not present at either the revocation hearing or the hearing on the motion to reconsider the revocation order.
The appellant first contends that the evidence was insufficient to support the order of revocation. However, because we remand thfe cause for further action based on another issue, we do not address the merits of this claim.
The appellant’s second contention is that she was deprived of minimum due process rights because there is no evidence that she received notice of the revocation hearing. She further contends that she was denied *817 effective assistance of counsel because her attorney had no opportunity to confer with her prior to the hearing. In Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), the Alabama Supreme Court set forth the requirements and guidelines which must be met in order for due process to be accorded a probationer before his probation may be revoked. Among them is the opportunity to be heard in person and to present witnesses and documentary evidence. Armstrong v. State, supra, 312 So.2d at 623. In the present case, the appellant’s counsel informed the trial court at the revocation hearing that he had not seen the appellant and that she had not come to see him. Although the trial court stated that the appellant’s probation officer had given her oral notice of the hearing and that she had chosen to not avail herself of the right to be heard, this is not apparent from the record. At the hearing on the motion to reconsider the revocation order, the appellant’s counsel stated that he had been told that the appellant was in jail in the State of Florida. The State has requested that this matter be remanded to the trial court because of the uncertainty concerning the meeting of the notice requirement. It cannot be determined from the record that the appellant voluntarily absented herself from the revocation hearing; therefore, this cause must be remanded to the trial court.
On remand, the trial court should ascertain whether the appellant was in custody in the State of Florida at the time of the revocation hearing, whether she voluntarily absented herself from the proceeding, and whether she was afforded the minimum due process rights required by Armstrong v. State, supra. Return to this Court should be made within 84 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.