MONTIEL, Judge.
Bobby W. Faircloth appeals from the denial of his petition for a writ of habeas corpus. The record shows that Faircloth was convicted of burglary in the third degree and sentenced to 15 years in prison. After serving 18 months in prison, Faircloth was placed on probation for five years and ordered to pay $4,462.27 in court costs, fines and restitution. The record shows Faircloth was delinquent in his payments to the court, and on July 23, 1990, his probation was revoked based on his failure to appear for a hearing in reference to payment of his court costs.
The record does not show that Faircloth received notice of a probation revocation hearing or that he waived his right to a hearing, as required by Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). Further, the trial court said in its revocation order that Faircloth failed to appear for his revocation hearing, and that the trial court was revoking his probation because he had failed to “pay fine, costs and restitution as ordered.” However, the record does not show that any inquiry was made before the revocation into the reasons for nonpayment, as required by Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983).
The State has filed a motion asking us to remand this case to the trial court with instructions that it vacate the probation revocation order, and afford Faircloth a probation revocation hearing and proper notice of that hearing. The State’s motion is well taken, *63 and, under the circumstances presented here, is due to be granted. See Pryor v. State, 589 So.2d 816 (Ala.Crim.App.1991).
We, therefore, remand this case to the trial court with instructions that the trial court vacate its probation revocation order, and conduct a revocation hearing. A return shall be filed with this court within 21 days from the date of this opinion, reflecting the action taken in the trial court.
REMANDED WITH INSTRUCTIONS. 
All the Judges concur.